UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

MARY LEE BARNETT, individually )
and as the surviving mother of, and )
NORMAN ROBERT BENNETT, )
individually and as the surviving )
father of: )
NORMANE BENNETT, deceased )
)
                Plaintiffs, )   Cause No.
)
vs. )
)
MARC WASEM and )
)
THE ST. LOUIS METROPOLITAN )
POLICE DEPARTMENT BOARD )   **PLAINTIFF DEMANDS**
OF POLICE COMMISSIONERS, )   **TRIAL BY JURY**
)
THE HONORABLE FRANCIS SLAY )
COL. THOMAS IRWIN )
COL. BETTYE BATTLE-TURNER )
COL. RICHARD H. GRAY )
)
                Defendants. )
)

## COMPLAINT

### PRELIMINARY STATEMENT

1. On Friday, June 25th, 2010, Detectives Marc Wasem, DSN 6652, and Joseph Busso, DSN 7942, both officers of the St. Louis Metropolitan Police Department, approached Normane Bennett with guns drawn as he was near the front of his mother's residence. Wasem struggled with and chased Bennett and fired multiple shots at him. Wasem paused and fired additional shots into him as he lay on the ground, dying in front of numerous neighbors and family members. Bennett was

1

struck by at least five bullets and died from gunshot wounds.

2. Wasem fired a total of at least seven bullets at Bennett.

3. This is a civil action seeking money damages against Marc Wasem, acting individually. Also, this civil action seeks money damages against Marc Wasem and the St. Louis Metropolitan Police Department Board of Police Commissioners, for committing acts, failing to act, under color of law, depriving Normane Bennett of rights secured under the Constitution and laws of the United States.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Plaintiffs' claims for relief are cognizable under 42 U.S.C. §§ 1983 and 1988, and under Missouri state law.

5. The Plaintiffs respectfully invoke the supplemental jurisdiction of the Court to hear and decide the claims arising under Missouri state law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district.

### PARTIES

7. Normane Bennett was a citizen of the United States, the State of Missouri and a resident of the City of St. Louis, Missouri. When he died, he was an adult, had no known children and was not married.

8. Plaintiff Mary Lee Barnett is a citizen of the United States, the State of Missouri and a resident of the City of St. Louis, Missouri. Ms. Barnett resides at 3851 Sherman Place and resided there at the time of the incidents giving rise to this suit. Mary Lee Barnett is the mother of Normane Bennett. Plaintiff Norman Robert Bennett is a

citizen of the United States and a resident of the City of St. Louis, Missouri. Mr. Bennett resides at 3533 St. Henry Lane. Norman Robert Bennett is the father of Normane Bennett.

9. Marc Wasem, a police officer employed by St. Louis Metropolitan Police Department, was at all times relevant to this cause of action duly appointed and acting as an officer of the St. Louis Metropolitan Police Department and acting under color of law, including the regulations, policies, customs and usages of the St. Louis Metropolitan Police Department.

## FACTS

10. On Friday, June 25th, 2010, Normane Bennett was on Sherman Place, sitting in front of a vacant house that sits next door to the residence of his mother, Plaintiff Mary Lee Barnett, at 3851 Sherman Place.

11. An unmarked gray or silver police car pulled up in front of Bennett's location. Two St. Louis Metropolitan Police Officers, identified as Marc Wasem and Joseph Busso, jumped out of the car with guns drawn and headed toward Bennett.

12. Bennett ran to the gang way between two houses, where a struggle ensued.

13. Wasem pursued Bennett, caught him and struggled with him.

14. Wasem seized Bennett and forced him to the ground.

15. Bennett disengaged from the officer ran toward his mother's house. Wasem proceeded to pursue Bennett and fired numerous shots at Bennett.

16. Bennett fell to the ground in the alley after being shot.

17. Wasem then paused and fired additional shots into Bennett while he was on the ground.

18. Bennett was struck at least five times by rounds fired by Wasem. He was struck in the

back, chest, chin, right tricep and left forearm. Wasem fired at least seven rounds at Bennett.

19. Bennett died from multiple gunshot wounds.

20. Wasem, acting alone or in concert with others, planted a gun near Bennett as a ruse in order to try to relieve his culpability in the causes of action.

## CAUSES OF ACTION

### COUNT I

**UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. §1983 BY DEFENDANT MARC WASEM**

For their cause of action in Count I, Plaintiffs state:

21. By this reference Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Wasem, of the St. Louis Metropolitan Police Department, acting alone or together with others, seized Normane Bennett and the seizure was unreasonable.

23. The force used against Normane Bennett was excessive and therefore unreasonable in violation of the Fourth and Fourteenth Amendments to the United States and Constitution.

24. Wasem caused damages to Normane Bennett, including causing the end of his life.

25. Plaintiffs are entitled to punitive damages under federal law.

WHEREFORE, Plaintiffs pray for judgment against Marc Wasem for compensatory damages and punitive damages in an amount which is fair and

4

reasonable plus costs of this action and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. §1983 BY DEFENDANT, THE ST. LOUIS METROPOLITAN POLICE DEPARTMENT BOARD OF POLICE COMMISSIONERS, THE HONORABLE FRANCIS SLAY, COL. THOMAS IRWIN, COL. BETTYE BATTLE-TURNER AND COL. RICHARD H. GRAY

For their cause of action in Count II, Plaintiffs state:

26. By this reference Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. The Board of Police Commissioners is responsible for the effective operation of the Metropolitan Police Department. The Board sets policy, makes promotions, holds both closed and open meetings and coordinates the operation of the department with the Chief of Police.

28. To effectively operate the department, the Board must promulgate rules and regulations, monitor the performance of the sworn members, effectively investigate allegations of misconduct, sustain the allegations when appropriate and mete out the appropriate corrective measure, whether it be discipline, re-training, closer supervision or a combination of those and other measures. Ultimately, the Board is charged with the responsibility of assuring that the members conform their conduct to the law, including the United States Constitution.

29. The practices of the St. Louis Metropolitan Police Department are a function of not only the rules and the law, but also of the institutional customs and usages of the

department. The customs and usages of the St. Louis Metropolitan Police Department include the use of excessive force, to and including, deadly force.

30. It is the duty of the Board to train, discipline and supervise the police officers under its charge and the Board has failed to discharge that duty.

31. In its failure to train, supervise or discipline its officers, the Board has been deliberately indifferent to the misconduct of its police officers. The Board is deliberately indifferent either because it has tacitly authorized the use of excessive force or it has disregarded a known or obvious consequence of the failure to train, supervise and discipline its police officers -that consequence being the use of excessive force. The Board turns a "blind eye" to the use of excessive force by its police officers. See, *Rohrbough v. Hall*, 2008 WL 4722742; No. 4:07CV00996 ERW (E.D. Mo 2008).

32. The actions and/or the failure to act by the Board caused the constitutional violation suffered by Normane Bennett.

33. As a direct and proximate result of the actions/and failures to act by the Board, Normane Bennett was assaulted, unlawfully seized and ultimately killed, and, thereby, suffered damages.

34. If Plaintiffs prevail, they are entitled to recover their attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs pray for judgment against Marc Wasem, individually, and Marc Wasem and the Board of Police Commissioners for the St. Louis Metropolitan Police Department for compensatory damages in an amount which is fair and reasonable plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### STATE LAW BATTERY IN VIOLATION OF MISSOURI STATE LAW
### AGAINST DEFENDANT MARC WASEM

For their cause of action in Count III, Plaintiffs state:

35. By this reference Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Wasem intentionally shot and killed Normane Bennett.

37. Wasem used more force than was reasonably necessary.

38. The aforementioned act caused Normane Bennett bodily harm and death.

39. Plaintiffs are entitled to punitive damages under state law.

WHEREFORE, Plaintiffs pray for judgment against Marc Wasem for compensatory damages and punitive damages in an amount which is fair and reasonable plus costs of this action and such other relief as the Court deems fair and appropriate under the circumstances.

Respectfully Submitted,
1st day of March, 2012,

**Craig Lawton Kessler,**
**Attorney at Law**

*/s/ Craig L. Kessler*
Craig L. Kessler  MO40206
103 S. Meramec Ave.
St. Louis, MO 63105
(314) 725-0700
clklaw1@aol.com

*Attorney for Plaintiffs*

7