UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARY LEE BARNETT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:12CV00373 CDP |
| | ) | |
| MARC WASEM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN LIMINIE

Defendants, by and through their undersigned counsel, respectfully move this Court to limit the evidence and argument that Plaintiffs may present at trial. Defendants request that this Court enter an Order prohibiting Plaintiffs from making reference during any portion of the trial and from introducing evidence, testifying, or eliciting testimony, or mentioning the matters set forth below in the presence of the jury, including voir dire and deposition readings.

1. <u>Reference to the financial disparity of the parties or the source of any award for damages.</u> This Court should not allow Plaintiff to suggest or imply that the State of Missouri or The St. Louis Board of Police Commissioners will indemnify Defendants in the event of any finding of liability or damages. Likewise, Plaintiff should be prohibited from

1

commenting on the financial resources of the State of Missouri, that Defendants' counsel work for the Attorney General's Office, and the resources of the Office of the Missouri Attorney General. Any such references are irrelevant and collateral, and unfairly prejudicial to Defendant, and would mislead and confuse the jury. Further, any information regarding the State Legal Expense Fund is inadmissible, as discussion of insurance coverage is improper. *Green v. Barron*, 879 F.2d 305, 310 (8th Cir. 1989) (holding that, in §1983 action, court should not instruct jury that state will indemnify employee); *Griffin v. Hilke*, 804 F.2d 1052 (8th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987) (prejudicial error committed through closing argument of plaintiff's counsel, in police excessive force case, that the city would be paying for any judgment awarded by the jury against the officers).

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ____

    2.   <u>Evidence or witnesses not timely identified in Plaintiffs' Rule 26 Disclosures or through discovery reasonably in advance of trial should be excluded.</u> Any evidence not timely produced by Plaintiffs to Defendants during discovery in this cause should be excluded by this Court. *See Fed.R.Civ.P. 37(c)(1).* Defendants would be substantially and unfairly prejudiced by permitting Plaintiffs to introduce evidence at trial which was

not timely disclosed to Defendants through discovery and reasonably in advance of trial.

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ___

    3.    <u>Any reference in voir dire or opening statement to evidence not previously disclosed to Defendants, through counsel, and ruled admissible.</u>

Plaintiffs should not be permitted to present any argument, testimony or reference to any exhibit in opening statement, including any photographic or video evidence, not previously disclosed to counsel for Defendants and preliminarily ruled upon as admissible by the Court. Defendants would be substantially prejudiced by surprise exhibits displayed to the jury without opportunity for Defendants to object and have their objection ruled upon.

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ___

    4.    <u>Reference to other excessive force and or battery matters filed against Defendants or other employees of the St. Louis Metropolitan Police Department, if any, or to any settlements or findings of liability there from.</u> Any such evidence would be irrelevant to this action and inadmissible pursuant to FRE 404(b).

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ___

    5.    <u>Alleged incidents or injuries that occurred as a result of St. Louis police officers other than the incident that is the subject of this lawsuit, other than limited and confined inquiry during voir dire directed toward detecting</u>

3

prejudice. Plaintiff may attempt to couch the incident that is the subject of this litigation as but one of many perceived incidents of police misconduct. Plaintiff may, for example, reference the *Rohrbough v. Hall* matter, or national incidents of police misconduct. Any such statements or references are not relevant, have no probative value, are improper and highly prejudicial, confuse the issues, and do not assist the jury in determining whether Plaintiffs' rights were violated in this case.

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ____

    6.    <u>Reference to other civil rights suits or other complaints filed against the Defendant, Marc Wasem, if any, or to any settlements or findings of liability from there.</u> Plaintiff may attempt to make reference to other matters in which Defendant Wasem has been involved in to imply that he is more likely than not liable in this matter. Plaintiffs may, for example, reference the criminal case of *State of Missouri v. Carlos Perry*, which is a wholly unrelated criminal incident. Any such statements or references are not relevant, have no probative value, are improper and highly prejudicial, confuse the issues, and do not assist the jury in determining whether Plaintiffs' rights were violated in this case. Any such evidence would be irrelevant to this action and inadmissible pursuant to FRE 404(b).

SUSTAINED ___ OVERRULED ____ SUST. IN PART ____ RESERVED ___

4

7. <u>Any reference to any information from the personnel files of Defendant Marc Wasem or Defendants' witnesses, and/or evidence regarding disciplinary action, sanctions or reprimands.</u> Rule 404(b) of the Federal Rules of Evidence states that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with that character. Moreover, Rule 608 of the Federal Rules of Evidence limits evidence to impeach the credibility of a witness to that which relates to the character for truthfulness or untruthfulness. Here, any information from the personnel files of Wasem or Defendants' witnesses, and/or evidence regarding disciplinary action, sanctions or reprimands is irrelevant. Specific instances of the witnesses conduct for the purpose of attacking or supporting the witness' credibility other than conviction of a crime (as provided in Fed.R.Evid. 609) may not be proved by extrinsic evidence. Introduction of such evidence would serve to embarrass the Defendants/witnesses and confuse and mislead the jury, thereby unduly prejudicing the Defendants. Accordingly, any evidence relating to such disciplinary actions against Defendant Wasem or Defendants' witnesses will not have a tendency to make the existence of any facts in this case more probable or less probable, and therefore, should be excluded as irrelevant under Fed.R.Evid. 401, 402, and 403.

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ____

8. <u>Reference to any reports, including but limited to the Klinger Report titled "Independent Review of Officer Involved Shootings".</u> Plaintiff may attempt to enter into evidence a report prepared by David Klinger in March of 2009 directed to the St. Louis Board of Police Commissioners. Any such evidence contains hearsay, poses a danger of unfair prejudice and confusion is irrelevant to this action and inadmissible pursuant to FRE 404(b) and 801.

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ___

9. <u>Media coverage</u>

Plaintiffs should be prohibited from referencing evidence of any media coverage of the incident in question. Any such statement by reporters wherein the reporter lacks personal knowledge of the events is speculation and hearsay. Any evidence of media coverage is of no probative value, and any remote probative value is outweighed by the substantial undue prejudice it would cause Defendants. Fed.R.Evid. 403. Reference in voir dire should be limited to whether any jurors read, saw or heard any media coverage of the decedent's case, and if so, whether that would affect their partiality in this case.

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ___

10. <u>Any reference to a blue "code of silence," conspiracy, or cover-up in reference to the events of June 25, 2010.</u> There is no evidence, as opposed

6

to speculation, from which a jury could find that there was a "code of silence" involved in the events of June 25, 2010. Defendants anticipates that Plaintiff may point to alleged discrepancies in the description of events set forth in the incident report, as part of a claim of a "cover-up" or as an element in a blue "code of silence." Any such testimony is irrelevant to the claims against Defendants. Furthermore, such evidence should be excluded under FRE 403, because the potential for any remote relevance is substantially outweighed by the danger of unfair prejudice to Defendants. *See Coloyan v. Badua,* 2007 WL 4180356 (9th Cir. 2007) (in trial of §1983 civil rights action claiming unlawful search, the district court did not err when it granted the police officer Defendants' motion in limine to preclude testimony on a police "code of silence"; "the motion in limine was properly granted because no foundation was laid and its undue prejudice to Defendants, as well as the likely consumption of time, outweighed its probative value.").

SUSTAINED ___ OVERRULED ____ SUST. IN PART ___ RESERVED ___

     11.   <u>Any argument, testimony, or reference to this motion and items excluded pursuant to this or any other motion in limine or pretrial ruling</u>. Any reference to this motion or other pretrial motions and items excluded pursuant to same are irrelevant, and any tangential relevance is substantially outweighed by the danger of unfair prejudice, waste of time,

and confusion of issues which would result from reference to this motion and any excluded evidence or testimony.

SUSTAINED ___ OVERRULED _____ SUST. IN PART ___ RESERVED ___

WHEREFORE, Defendant respectfully moves this Court to rule on the foregoing matters in limine and for such other relief as this Court deems just.

Respectfully submitted,

**CHRIS KOSTER**
Missouri Attorney General

/s/ *Dana W. Tucker*
Dana W. Tucker, #43273
Chief Counsel, Eastern Region
Denise G. McElvein #45227MO
Assistant Attorney General
Old Post Office Building
P.O. Box 861
St. Louis, MO 63101
(314)340-7861 telephone
(314)340-7029 facsimile
*Attorneys for Wasem, St. Louis Board of Police Commissioners, Battle-Turner, Gray, Irwin and Slay*

# CERTIFICATE OF SERVICE

  I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was made available electronically to the following electronic filing participants.  A courtesy copy of the forgoing was also hand delivered to the chambers of Judge Perry.


Craig L. Kessler
103 S. Meramec Ave.
St. Louis, MO  63105
*Attorney for the Plaintiff*


         */s/Dana W. Tucker*
         Chief Counsel, Eastern Region